E. L. SMITH v. STATE.

No. 2148.   Decided December 18, 1912.

1.—Swindling—Sufficiency of the Evidence—Plea of Guilty.

Where, upon trial for swindling, defendant pleaded guilty and the State introduced other evidence, the conviction was sustained.

2.—Same—Practice on Appeal—Assignments of Error.

Where the trial court adjourned, and three months thereafter appellant filed other assignments of error, the same could not be considered on appeal. Following Sue v. State, 52 Texas Crim. Rep., 122.

Appeal from the District Court of McLennan.   Tried below before the Hon. Richard I. Monroe.

. Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with swindling When the case was called for trial, he entered a plea of guilty, and his punishment was assessed by the jury at two years confinement in the penitentiary.

After the verdict, a motion for new trial was filed in his behalf, reading as follows: "And now comes the defendant, E. L. Smith, in the above entitled and numbered cause, and moves the court to grant him a new trial and set aside the verdict and judgment rendered herein against him on the 25th day of March, A. D. 1912, for the following reasons, to-wit: The verdict of the jury in said cause was contrary to the law and the evidence." It is thus seen the only ground in the motion is the verdict was contrary to the law and the evidence. Taking into consideration the testimony of Mr. J. M. Nash, together with defendant's plea of guilty, the evidence is ample to support the verdict.

The term of court at which appellant was tried adjourned May 15, 1912. Three months thereafter appellant seeks to assign other grounds by filing assignments of error on August 15, 1912. Being filed after adjournment of court, these grounds cannot be considered by this court on appeal. (Sue v. State, 52 Texas Crim. Rep., 122.) The reason for this rule has been so frequently discussed we deem it unnecessary to do so again.

The judgment is affirmed.

*Affirmed.*